UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
(DALLAS DIVISION)

| | | |
|---|---|---|
| FRANK CORTINAS | § | |
| | § | |
| V. | § | CASE NO. 3:16-cv-00051 |
| | § | |
| BROADSWORD ADVANTAGE, LLC; BROADSWORD STUDENT ADVANTAGE, LLC; AFFORDABLE LIFE PLANS, LLC; and KENNETH TALBERT | §<br>§<br>§<br>§ | (On removal from the 95th Judicial District Court of Dallas, Texas, under Cause No. DC-15-02020) |

DEFENDANTS' NOTICE OF REMOVAL

1. Defendants Broadsword Advantage, LLC; Broadsword Student Advantage, LLC; Affordable Life Plans, LLC; and Kenneth Talbert remove Cause No. DC-15-02020, from the 95th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, pursuant to 28 U.S.C. 1331 and 1441, and would further show the Court the following:

2. Plaintiff sued defendants for, among other things, defendant Broadsword Advantage, LLC's (Broadsword's) breach of an agreement between plaintiff and Broadsword. *See* Attachment A-5, plaintiff's first amended petition. Under this agreement, plaintiff invested money into Broadsword, but Broadsword did not pay it all back. Plaintiff sued the other defendants – Broadsword Student Advantage, LLC and Affordable Life Plans, LLC, both of which were held by Broadsword at the time of the contract, and Kenneth Talbert, who is and/or was chief executive of the defendant entities – under theories of fraudulent inducement into the contract and transfer of assets to defraud plaintiff. *Id*.

3. Broadsword admits it breached the contract in its failure to pay all of the monies due plaintiff under the agreement. By way of affirmative defense, Broadsword contends plaintiff contracted for usurious interest. *See* Attachment A-4, defendants' original answer. Defendants moved for partial summary judgment, seeking an offset in the amount of $120,624.99, pursuant

to TEX.FIN.CODE § 305.001(a-1). *See* Attachment A-8 defendants' motion for partial summary judgment.

4. On December 9, 2015, plaintiff responded to defendants' motion for partial summary judgment, contending, among other things, that defendants are not entitled to a usury defense because the subject agreement "is an investment contract and not a loan . . . as defined long ago by the United States Supreme Court." *See* Attachment A-15, plaintiff's response to defendants' motion for partial summary judgment, p. 3, *et seq*. Plaintiff contends the agreement meets the elements of an investment contract as set forth by *Securities and Exch. Comm'n v. W.J. Howey Co*. 328 U.S. 293. In *Howey*, the U.S. Supreme Court makes it clear that an investment contract must meet certain requirements of the Securities Act of 1933, 15 U.S.C. 77a, *et seq*. Plaintiff has thus raised the question of whether the subject agreement is subject to the Act, and whether plaintiff's action should have been brought under 15 U.S.C. 77j – l. Defendants contend that the subject agreement is not an investment contract and is not subject to the Act, but, pursuant to 28 U.S.C 1331 and 1441, defendants remove this action to the proper Court to make this determination.

Respectfully submitted,

/s/ *Philip A. Sellers*

Philip A. Sellers
Texas State Bar No. 18015400
2777 Allen Parkway, Suite 1000
Houston, Texas 77019
(713) 452-2652
(832) 218-5743 - fax
pas@paslawtx.com

Attorney for defendants

**CERTIFICATE OF SERVICE**

I certify that I served a copy of this notice of removal per F.R.C.P. 5(b)(3) via ECF to Ralph Perry-Miller, lead counsel for plaintiff, on January 8, 2016.

/s/ *Philip A. Sellers*
Philip A. Sellers